**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

THE BURLINGTON INSURANCE COMPANY,

       Plaintiff,

   v.

LTL LED, LLC d/b/a WOLF RIVER ELECTRIC,
and PENNNY BASTIAN, as the Administrator of
the Estate of HEATHER NIGH, deceased,

       Defendants.

Case No. 26-330

Judge:

Magistrate Judge:

**THE BURLINGTON INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, THE BURLINGTON INSURANCE COMPANY (hereinafter "TBIC") by and through its attorneys TRESSLER LLP, and for its complaint against defendants LTL LED, LLC d/b/a WOLF RIVER ELECTRIC, and HEATHER NIGH, states as follows:

**THE PARTIES**

1.     Plaintiff TBIC is an Illinois insurance company incorporated under the laws of the State of Illinois, with its principal place of business in Hartford, Connecticut.

2.     LTL LED, LLC d/b/a Wolf River Electric is a Minnesota limited liability corporation.

3.     Justin Neilsen is the sole member of LTL LED, LLC.  Neilsen is an individual and citizen of Minnesota.

4.     Penny Bastian is an individual and citizen of the state of Wisconsin.

5.     Heather Nigh, deceased, is an individual and citizen of the state of Wisconsin.

**JURISDICTION AND VENUE**

6.     The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because TBIC and the defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  By this action, TBIC seeks a declaration that it has no

duty to defend or indemnify LTL LED LLC for any liability arising out of an automobile accident that happened on April 14, 2024 in Taylor County, Wisconsin in which Heather Nigh was injured.

7.    Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391(a)(1), because Bastian is a resident of the Eastern District of Wisconsin.

## COUNT I
### (AUTO EXCLUSION)

8.    TBIC issued commercial general liability insurance policy number 536BG11078 to LTL LED, LLC d/b/a Wolf River Electric ("Wolf River"). This policy insured a construction business located at 101 Isanti Parkway Northeast, Isanti, Wisconsin. This policy was in effect on April 14, 2024 and at all other times relevant. A photocopy of a certified copy of the policy is attached and is incorporated herein by reference as **Exhibit A**.

9.    Defendant Bastian, the administrator of the Estate of Heather Nigh, is named as potential necessary party herein only and no affirmative relief against her is sought.

10.    Nigh was injured in an automobile accident that happened in Taylor County, Wisconsin on April 14, 2024 when she collided with a van being operated by an employee of Wolf River.

11.    The van the Wolf River employee was driving was a 1998 Ford Econoline E250.

12.    On information and belief, the 1998 Ford Econoline E250 was insured under a commercial automobile policy issued by National Liability & Fire Insurance Company.

13.    On information and belief, National Liability & Fire Insurance Company tendered its policy limit to Nigh.

14.    National Liability tendered its policy limit to Nigh because Wolf River's liability arose out of the use and operation of an insured auto.

15. Nigh made a demand on TBIC under the commercial liability policy issued to Wolf River.

16. TBIC denied the demand.

17. Wolf River challenged TBIC's denial and demanded that TBIC defend and indemnify Wolf River against the Nigh claim.

18. On information and belief, Nigh was fatally injured in an unrelated incident that happened on December 31, 2025.

19. Bastian was appointed as the administrator of Nigh's estate on or about February 2, 2026.

20. No civil suit on behalf of Nigh's estate relating to the April 14, 2024 automobile accident has been filed as of this writing.

21. Wolf River threatened to initiate a declaratory judgment action to procure a judicial determination that TBIC owes a duty to defend and indemnify.

22. Said commercial general liability policy provides, under Section I, certain liability coverage to the insured as amended by endorsement:

> **AMENDMENT-SECTION I INSURING AGREEMENT**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Paragraph **1. Insuring Agreement** of **Section I-Coverage A-Bodily Injury and Property Damage Liability** is replaced in its entirety with the following:
>
> 1. **Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against

any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ***

23.     Said policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

24.     Said policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

25.     Said commercial general liability policy contains the following exclusion in Endorsement IFG-G-0201 03 17:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION-AIRCRAFT, AUTO OR WATERCRAFT, INCLUDING UNMANNED ARICRAFT OR UNMANNED AERIAL VEHICLE**

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     Paragraph **C.** of this endorsement replaces Exclusion g. Aircraft, Auto or Watercraft of **2. Exclusions** of **Section I-Coverage A-Bodily Injury and Property Damage Liability** under the Commercial General Liability Coverage Form.

* * *

C.     This insurance does not apply to:

**g.     Aircraft, Auto Or Watercraft, Including Unmanned Aircraft or Unmanned Aerial Vehicle**

* * *

**(2) Manned Aircraft or Manned Aerial Vehicle, Auto or Watercraft**

4

"Bodily injury", "property damage" or "damages" arising out of the ownership, maintenance, use or entrustment to others of any aircraft that is a "manned aircraft or manned aerial vehicle", "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

This Paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury", "property damage" or "damages" involved the ownership, maintenance, use or entrustment to others of any aircraft that is a manned aircraft or manned aerial vehicle", "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This Paragraph **g.(2)** does not apply to:

\*\*\*

**(e)** "Bodily injury" or "property damage" arising out of:

> **(i)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where is it is licensed or principally garaged; or
>
> **(ii)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment."

26.    The policy contains the following definitions:

**SECTION V – DEFINITIONS**

**2.** "Auto" means:

> **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
> **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
> However, "auto" does not include "mobile equipment."

5

27.     The 1998 Ford Econoline E250 is an "auto" as that term is defined in the TBIC policy.

28.     Any liability Nigh seeks to impose on Wolf River arises out of the use of the 1998 Ford Econoline E250.

29.     Said commercial general liability policy does not cover any liability of Wolf River arising out of the April 15, 2024 automobile accident for the reason that coverage is excluded by exclusion 2(g).

30.     TBIC specifically denies any and all liability under the terms and provisions of said policy of insurance issued to Wolf River for any liability Nigh seeks to impose arising out of the April 14, 2024 accident, and insists that it is not obligated to defend or indemnify Wolf River for the claims made by Nigh.

31.     Under 28 U.S.C. § 2201, this Honorable court is vested with the power to declare the rights and liabilities of the parties hereto under the terms and provisions of said policies of insurance, to adjudicate the final rights of all parties thereunder, and to give such other further relief as may be necessary to enforce the same.

WHEREFORE, Plaintiff, THE BURLINGTON INSURANCE COMPANY prays for a declaratory judgment finding that its commercial general liability policy number 536BG11078 does not provide coverage for liability arising out of the April 15, 2024 automobile accident, further finding that The Burlington Insurance Company is not obligated by said policy to furnish either defense or indemnity to LTL LED, LLC d/b/a WOLF RIVER ELECTRIC, and for the entry of judgment in its favor and against defendants LTL LED, LLC d/b/a WOLF RIVER ELECTRIC, and HEATHER NIGH, and for such other relief as this Court deems appropriate.

Dated:  February 27, 2026                           Respectfully submitted,

                          THE BURLINGTON INSURANCE COMPANY

                          By: */s/ Rosa M. Tumialán*
                              One of its Attorneys

Rosa M. Tumialán
TRESSLER LLP
233 S. Wacker, 61st Floor
Chicago, IL 60606
312-621-4191
rtumialan@tresslerllp.com